L. JULIUS M. TURMAN, SBN 226126
PHILIP J. SMITH, SBN 232462
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
Email: jturman@morganlewis.com
Email: philip.smith@morganlewis.com

Attorneys for Defendants
THERAKOS, INC. and JOHNSON & JOHNSON
(incorrectly identified as JOHNSON & JOHNSON, INC.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHARO OROSA, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>THERAKOS, INC., a corporation;<br>JOHNSON & JOHNSON, INC., a corporation,<br><br>Defendants. | Case No. CV 11-02143 EMC<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

In order to protect the confidentiality of confidential information obtained by the parties in connection with this case, the parties hereby agree as follows:

1. "Confidential Information" is defined as information, regardless of how generated, stored or maintained (including, among other things, testimony, transcripts or tangible things) that is produced or generated in disclosures or responses to discovery in this matter containing material that is proprietary, trade secret, or confidential.

2. "Highly Confidential–For Attorneys' Eyes Only" Information is defined as extremely sensitive confidential information or items whose disclosure to another party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

3. Any party or non-party may designate as "Confidential Information" or "Highly Confidential–For Attorneys' Eyes Only" (by stamping the relevant page or as otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving trade secrets, or confidential business or financial information, subject to protection under applicable provisions of federal law. Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

4. A party or non-party may designate information disclosed during a deposition or in response to written discovery as "Confidential" or "Highly Confidential–For Attorneys' Eyes Only" by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript of such material. In addition, a party or non-party may designate in writing, within twenty-one (21) days after receipt of said responses or of the certified deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "Confidential Information" or "Highly Confidential–For Attorneys' Eyes Only." Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in paragraph 10 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 10 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

5. All "Confidential Information" or "Highly Confidential—For Attorneys' Eyes Only" Information produced or exchanged in the course of this case (not including information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

6. Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, "Confidential Information" shall not be disclosed to any person other than:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23073321.1

2

STIPULATION AND [PROPOSED] PROTECTIVE
ORDER
(CV 11-02143 EMC)

      (a)    counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

      (b)    employees of such counsel;

      (c)    individual parties or officers or employees of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

      (d)    consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order (which shall be retained by counsel to the party so disclosing the "Confidential Information" and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any "Confidential Information," and provided that if the party chooses a consultant or expert employed by the Defendants or one of their competitors, the party shall notify the opposing party, or designating non-party, before disclosing any "Confidential Information" to that individual and shall give the opposing party an opportunity to move for a protective order preventing or limiting such disclosure. Experts and consultants shall sign the Certification attached to this Order before being shown "Confidential Information" and shall not be allowed to retain copies;

      (e)    any authors or recipients of the "Confidential Information";

      (f)    the Court, Court personnel, and court reporters; and

      (g)    witnesses (other than persons described in paragraph 6(e)). A witness shall sign the Certification attached to this Order before being shown "Confidential Information." "Confidential Information" may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the "Confidential Information" is represented or has been given notice that "Confidential Information" produced by the party may be used. At the request of any party, the portion of the deposition transcript involving the "Confidential Information" shall be designated "Confidential" pursuant to paragraph 3 above. Witnesses shown "Confidential Information" shall not be allowed to retain copies.

7.    Access to information designated as or "Highly Confidential–For Attorneys' Eyes

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23073321.1

3

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
(CV 11-02143 EMC)

Only," whether documents, testimony, information or materials, as well as written or oral summaries or accounts thereof, shall be limited to:

    (a)    Counsel for the respective parties (including in-house counsel and co-counsel) and employees of said counsel wilt) are assisting in the prosecution or defense of this litigation;

    (b)    Experts and consultants (including independent experts and consultants and employees or clerical assistants of said experts) who are employed, retained or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies or providing opinions to assist in such litigation. Without the written consent of the producing party, which consent shall not be unreasonably withheld, no "Highly Confidential–For Attorneys' Eyes Only" information shall be relayed to any expert or consultant who is presently employed by a competitor of the party that produced the information or who has a reasonable expectation of being employed by a competitor of the party that produced the "Highly Confidential–For Attorneys' Eyes Only" Information within the foreseeable duration of this litigation. Experts and consultants shall sign the Certification before being shown "Highly Confidential–For Attorneys' Eyes Only" Information and shall not be allowed to retain copies.

    (c)    the Court and officers of the Court.

8. Any persons receiving "Confidential Information" or "Highly Confidential–For Attorneys' Eyes Only" Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth, herein.

9. In connection with any proceedings as to which a party submits "Confidential Information" or "Highly Confidential–For Attorneys' Eyes Only" Information to the Court, all documents and chamber copies containing such which are submitted to the Court shall be filed with the Court pursuant to Civil Local Rule 79-5 and General Order 62, and the other party shall sign a stipulation to administrative relief, in lieu of filing an administrative motion in conformance with Civil Local rule 7-11, to permit the filing under seal, pursuant to General Order 62.

10. A party may designate as "Confidential Information" or "Highly Confidential–For

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23073321.1

4

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
(CV 11-02143 EMC)

Attorneys' Eyes Only" Information documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as Confidential Information or "Highly Confidential–For Attorneys' Eyes Only" Information, although a document may lose its confidential status if it is made public. Concerning documents or discovery produced prior to the entry of this Confidentiality Agreement and Order, a party may designate such as "Confidential" or "Highly Confidential–For Attorneys' Eyes Only" Information by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after entry of this Order.

11. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the Material shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

12. Notwithstanding any challenge to the designation of material as "Confidential Information" or "Highly Confidential–For Attorneys' Eyes Only" Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) the party or non-party who claims that the material is "Confidential Information" or "Highly Confidential–For Attorneys' Eyes Only" Information withdraws such designation in writing; or

(b) the party or non-party who claims that the material is "Confidential Information" or "Highly Confidential–For Attorneys' Eyes Only" Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to: such designation; or

(c) the Court rules the material is not "Confidential Information" or "Highly

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23073321.1

5

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
(CV 11-02143 EMC)

Confidential–For Attorneys' Eyes Only" Information.

13. All provisions of this Order restricting the communication or use of "Confidential Information" or "Highly Confidential–For Attorneys' Eyes Only" Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of "Confidential Information" or "Highly Confidential–For 'Attorneys' Eyes Only" Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

14. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection. Any document or information so produced and subject to a claim of privilege or work product subsequently made shall immediately be returned to the producing party or expunged. In either event, such document or information shall not be introduced into evidence or subject to production in this or any other proceeding by any person without the consent of the producing party or by order of the Court. In the event a party inadvertently fails to mark a document with the appropriate designation of confidentiality, that party may later do so and such document shall be treated by the receiving party in accordance with the revised designation of confidentiality upon being notified in writing of the redesignation. Upon being so notified, the receiving party will prominently mark such document and all copies thereof as "Confidential" or "Highly Confidential–For Attorneys' Eyes Only" and will inform all persons that have had access to such document, copies of such document, or information disclosed by such document, that such document has been redesignated as "Confidential" or "Highly Confidential–For Attorneys' Eyes Only" Information. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection Of this Order by written advice to the parties' respective counsel or by oral advice at the time of any

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23073321.1

6

STIPULATION AND [PROPOSED] PROTECTIVE
ORDER
(CV 11-02143 EMC)

deposition or similar proceeding.

15. Nothing in this Order abridges the right of any party to seek its modification by the Court in the future.

16. This stipulation is for the Court's consideration and approval as an order. It shall not be construed to create a contract between the Parties or between the Parties and their respective Counsel.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: December 20, 2012          MORGAN, LEWIS & BOCKIUS LLP

                                  By _____/s/ Philip Smith_____
                                     L. Julius M. Turman
                                     Philip J. Smith
                                     Attorneys for Defendants
                                     THERAKOS, INC. and JOHNSON &
                                     JOHNSON

Dated: Dec 14, 2012               LAW OFFICES OF MICHAEL T. WELCH

                                  By _____/s/ M. Welch_____
                                     Michael T. Welch
                                     Attorneys for Plaintiff
                                     CHARO OROSA


PURSUANT TO STIPULATION, IT IS SO ORDERED.


Dated: __12/21__, 2012

                                  IT IS SO ORDERED
                                  Judge Edward M. Chen

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
(CV 11-02143 EMC)

7

# APPENDIX A

## CERTIFICATION OF ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

  I do solemnly swear and affirm that I have been provided with a copy, and am fully familiar with the terms of, the Stipulation and Protective Order in *Orosa v. Therakos, Inc., et al.*, Case No. CV 11-02143 EMC. I agree to comply with and be bound by the terms and conditions of the Stipulation and Protective Order and I understand and acknowledge that my failure to comply could expose me to sanctions and punishment in the nature of contempt by the Court. I solemnly promise not to disclose in any manner any information or item that is subject to this Stipulation and Protective Order to any person or entity except in strict compliance with the provisions of this Order. 1 further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulation and Protective Order. I understand that if I violate the terms of the Stipulation and Protective Order, I may be subject to an order including, but not limited to, holding me in contempt of court.

SIGNATURE: _____

PRINTED NAME:_____

DATE: _____

CITY AND STATE WHERE SWORN AND SIGNED: _____

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

DB2/ 23073321.1

8

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
(CV 11-02143 EMC)