L. JULIUS M. TURMAN (SBN 226126)
PHILIP J. SMITH (SBN 232462)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel:   415.442.1000
Fax:   415.442.1001
Email: jturman@morganlewis.com
       philip.smith@morganlewis.com

Attorneys for Defendant
THERAKOS, INC. and JOHNSON & JOHNSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARO OROSA, an Individual,<br><br>    Plaintiff,<br><br>vs.<br><br>THERAKOS INC., a corporation; JOHNSON & JOHNSON, INC., a corporation,<br><br>    Defendant. | Case No. CV-11-02143 JST<br><br>**JOINT STATEMENT REGARDING INABILITY TO STIPULATE REGARDING LEAVE TO AMEND COMPLAINT AND [PROPOSED] ORDER SETTING LIMITED CASE MANAGEMENT SCHEDULE** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24035872.1

CASE NO. CV-11-02143 JST

JOINT STATEMENT REGARDING INABILITY TO STIPULATE REGARDING LEAVE TO AMEND
COMPLAINT AND [PROPOSED] ORDER SETTING LIMITED CASE MANAGEMENT SCHEDULE

Plaintiff Charo Orosa ("Plaintiff") and Defendants Therakos, Inc. and Johnson & Johnson (together, "Defendants")(Plaintiff and Defendants will be collectively referred to as the "Parties") hereby submit the following joint statement, by and through their respective counsel, as follows:

Whereas, at the March 19, 2013 case management conference ("CMC"), the Court directed the parties to meet and confer to determine if Defendants would stipulate that Plaintiff be granted leave to file an amended complaint;

Whereas, at the CMC, the Court directed the Parties to notify the Court, by April 9, 2013, whether the Parties stipulated that Plaintiff be granted leave to file an amended complaint;

Whereas, at the CMC, the Court directed the Parties to provide the Court, by April 9, 2013, a proposed case management schedule;

Whereas, on March 26, 2013, Plaintiff provided Defendants with a copy of her proposed third amended complaint;

Whereas, on April 2, 2013, Defendants notified Plaintiff that Defendants would stipulate that Plaintiff be granted leave to file her third amended complaint except as to the portion of Plaintiff's new causes of action which are predicated upon Plaintiff's alleged subjection to retaliation for purportedly "raising concerns" regarding newly-specified acts of off-label promotion.  Defendants explained that Plaintiff's knowledge of what she purportedly opposed during her employment, which ended in 2010, necessarily pre-dates the filing of her initial complaint in 2011 and thus any effort to rely on such allegations now as a basis to amend her complaint two years later constitutes undue delay and suggests a bad faith or dilatory motive;

Whereas, on April 2, 2013, Defendants also notified Plaintiff that any stipulation to file an amended complaint would remain subject to Defendants' reservation of their right to move to dismiss or strike Plaintiff's newly added causes of action.  Defendants explained that, based upon their initial review, Plaintiff's new causes of action would be subject to dismissal (or portions being struck) on the grounds of, *inter alia*, lack of standing, preemption, constitutionally protected activity, mootness and privilege;

Whereas, on April 8, 2013, Plaintiff notified Defendants that she accepted defendants'

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24035872.1

1   CASE NO. CV-11-02143 JST
JOINT STATEMENT REGARDING INABILITY TO STIPULATE REGARDING LEAVE TO AMEND COMPLAINT AND [PROPOSED] ORDER SETTING LIMITED CASE MANAGEMENT SCHEDULE

reservation of rights and defenses as to any new claims, but disputed their assertion that any allegation that she "raised concerns" of off-label use and suffered retaliation as a result were "new allegations", and pointed out that the same or very similar allegations already existed in par. 19 of the current complaint, and on that basis asked defendants to reconsider their stated position to limit the new causes of action because the basis for the desired limitation was not accurate.;

Whereas, based upon the above-described meet and confer discussions, the Parties were unable to stipulate that Plaintiff be granted leave to file her amended complaint;

Whereas, based upon the above-described meet and confer discussions, Defendants intend to oppose Plaintiff's motion for leave to file an amended complaint;

Whereas, the Court's February 11, 2013 Reassignment Order vacated all law and motion hearing dates, pretrial conferences and the trial date in this matter; and

Therefore, the Parties, by and through their counsel, hereby stipulate and agree to the following limited case management schedule:

a. Last day to file Plaintiff's motion for leave to file her amended complaint: **April 24, 2013**;

b. Last day for Defendants to file their opposition to Plaintiff's motion for leave to amend: **May 8, 2013**;

c. Last day for Plaintiff to file her reply brief in support of motion for leave to file an amended complaint: **May 15, 2013**;

d. Hearing on Plaintiff's motion for leave to file her amended complaint: <u>**May 30, 2013 at 2 p.m.**</u>;

e. Last day for Defendants to file their response to Plaintiff's amended complaint: **20 days after the date on which Plaintiff's amended complaint is deemed filed (if leave to amend is granted)**;

f. Deadline for fact discovery regarding Plaintiff's newly added causes of action: **60 days after Defendants' motion to dismiss and/or strike Plaintiff's amended complaint is ruled upon or 60 days after Defendants' answer to Plaintiff's amended complaint is filed**;

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

DB2/ 24035872.1

2    CASE NO. CV-11-02143 JST
JOINT STATEMENT REGARDING INABILITY TO STIPULATE REGARDING LEAVE TO AMEND COMPLAINT AND [PROPOSED] ORDER SETTING LIMITED CASE MANAGEMENT SCHEDULE

///

///

    g.    Deadline to file dispositive motions: **45 days after fact discovery closes or, if applicable, 45 days after the Court denies Plaintiff's motion for leave to amend her complaint**;

    h.    Next case management conference: **May 23, 2013 at 2 p.m.**

IT IS SO STIPULATED.

| Dated: April 9, 2013 | MORGAN, LEWIS & BOCKIUS LLP |
|---|---|
| | */s/ PHILIP J. SMITH* |
| | L. JULIUS M. TURMAN |
| | PHILIP J. SMITH |
| | Attorneys for Defendant |
| | THERAKOS, INC. and JOHNSON & JOHNSON |

| Dated: April 9, 2013 | LAW OFFICES OF MICHAEL T. WELCH |
|---|---|
| | By  */s/ MICHAEL T. WELCH* |
| | Michael T. Welch |
| | Attorneys for Plaintiff |
| | CHARO OROSA |

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: April 11, 2013          By _____
                                          Honorable Jon S. Tigar
                                          United States District

[STAMP: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED AS MODIFIED — Judge Jon S. Tigar]

**FILER'S ATTESTATION**

I, Philip J. Smith, am the ECF user whose identification and password are being used to file Defendants Therakos, Inc. and Johnson & Johnson's, as well as Plaintiff Charo Orosa's, Joint Statement Regarding Inability TO Stipulate Regarding Leave TO Amend Complaint And [Proposed] Order Setting Limited Case Management Schedule.  In compliance with General Order 45.X.B, I hereby attest that Michael T. Welch concurs in this filing.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24035872.1

3            CASE NO. CV-11-02143 JST

JOINT STATEMENT REGARDING INABILITY TO STIPULATE REGARDING LEAVE TO AMEND COMPLAINT AND [PROPOSED] ORDER SETTING LIMITED CASE MANAGEMENT SCHEDULE

1
2
3

                                              */s/ Philip J. Smith*
                                              Philip J. Smith
                                              Attorneys for Defendants
                                              THERAKOS, INC. and JOHNSON &
                                              JOHNSON

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24035872.1

4

CASE NO. CV-11-02143 JST

JOINT STATEMENT REGARDING INABILITY TO STIPULATE REGARDING LEAVE TO AMEND COMPLAINT AND [PROPOSED] ORDER SETTING LIMITED CASE MANAGEMENT SCHEDULE